**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**WILLIE DAVIS,
D.O.C. # M46176,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　**Case No.  1:26cv07-TKW-MAF**

**MAYO CORRECTIONAL
INSTITUTION and
J. REUDGEN,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, initiated this case in the United States District Court for the Southern District of Florida.  ECF No. 1.  It was transferred to this Court on January 9, 2026.  ECF No. 3.

The initiation of this case, however, was improper.  An Order was entered which explained two deficiencies to Plaintiff.  ECF No. 6.  First, he was informed that he must file a proper in forma pauperis motion supported by copies of his inmate bank account statement for the preceding six month period of time.  *Id.*  Second, Plaintiff was required to file an amended complaint on the Court's form as required by Local Rule 5.7(A).  *Id.*

On February 17th, Plaintiff filed a 3-page response, ECF No. 7, to that Order.  That document was titled as a "proper amended complaint motion," ECF No. 7 at 1, and presented a one paragraph conclusory assertion that "Mayo Correctional Ins. and J. Reudgen violated constitutional rights."  *Id.*  Attached was Plaintiff's account statement for the month of December 2025.  *Id.* at 2-3.  Neither document complied with the prior Order, ECF No. 6.

Another Order was entered on February 19th, advising Plaintiff that his submission was insufficient.  ECF No. 8.  He was again required to provide a statement for the 6-month period of time preceding the filing of this case, that is, from July 1, 2025, through December 31, 2025.  *Id.*  Plaintiff was given until March 19, 2026, to comply.  *Id.*  Additionally, Plaintiff was reminded that he "must also file an amended complaint on the form used in this Court."  *Id.*  The Clerk of Court was directed once again to provide Plaintiff with the appropriate in forma pauperis application packet and the Court's complaint form.  *Id.*

On March 16, 2026, Plaintiff submitted an "amended complaint," ECF No. 9, and a copy of his "Inmate Balance History Report," ECF No. 10. The 2-page Report provides information for the period of time between

February 8, 2022, and April 4, 2022.  ECF No. 10 at 1-2.  That does not comply with the in forma pauperis requirements of 28 U.S.C. § 1915 which have been explained to Plaintiff twice.  ECF Nos. 6, 8.  Furthermore, the amended complaint, ECF No. 9, is not on the court form and does not comply with the prior Order.[1]  ECF No. 9.

If Plaintiff is unable to comply with the simple instructions provided to him, this case cannot continue.  He was informed of the necessity of filing an in forma pauperis motion and provided the form to do so - twice.  ECF Nos. 6, 8.  Yet Plaintiff has still not complied with that Order.  Absent the payment of the filing fee, a plaintiff must file an in forma pauperis motion; doing so is not optional.  Because Plaintiff has been given two chances to do so and he has failed to comply, it is recommended that this case be dismissed pursuant to Rule 41(b).

> Rule 41(b) provides that, "[i]f the plaintiff fails ... to comply with ... a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b).  In interpreting this

---

[1] For example, Plaintiff was advised that "naming Mayo Correctional Institution as a Defendant is not permissible."  ECF No. 8.  He again listed Mayo Correctional Institution as a Defendant along with J. Reudgen.  ECF No. 9 at 1.  Furthermore, he failed to clearly show that Defendant Reudgen violated his constitutional rights, he did not assert a claim, nor did he request relief.  ECF No. 9.  That submission does not comply with Federal Rule of Civil Procedure 8.  In addition, it did not include numbered paragraphs as required by Rule 10(b), and as previously instructed.  *See* ECF Nos. 6, 8.

provision, we have held that the district court may *sua sponte* dismiss a case under Rule 41(b).[2]  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  *Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Brutus v. Internal Revenue Serv., 393 F. App'x 682, 683-84 (11th Cir. 2010).  "[A] dismissal under Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'"  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (quoted in Brutus, 393 F. App'x at 684).

Here, Plaintiff was given several opportunities to comply with simple instructions.  He was warned that if he failed to comply, a recommendation would be entered to dismiss this case.  ECF Nos. 6, 8.  Because he did not comply, this case should be dismissed without prejudice.  If and when Plaintiff is willing and able to file a proper in forma pauperis motion and

---

[2] The power of a district court to dismiss cases *sua sponte* under Fed. R. Civ. P. 41(b) "cannot seriously be doubted" when the dismissal is for failure to comply with "any order of court . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (quoted in Rembert v. Dunmar Ests., No. 22-11526, 2022 WL 17986207, at *1 (11th Cir. Dec. 29, 2022).

complaint, he can litigate his claims.  At this point, however, further opportunities to comply should not be provided.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with Court Orders pursuant to Federal Rule of Civil Procedure 41(b).

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**